# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 16-773V
Filed: May 29, 2018

* * * * * * * * * * * * * * * * * * * * * * * * * * *
\*
OLESYA MILANO, \*
*as mother and natural guardian of minor, A. M.*, \*
\*
       Petitioner,     \*     Special Master Oler
\*
v.     \*     Decision on Joint Stipulation;
    \*     Idiopathic thrombocytopenia
SECRETARY OF HEALTH AND     \*     purpura ("ITP"); DTaP; IPV.
HUMAN SERVICES,     \*
\*
       Respondent.     \*
\*
* * * * * * * * * * * * * * * * * * * * * * * * * * *

*Jeffrey S. Pop*, Jeffrey S. Pop & Associates, Beverly Hills, CA, for Petitioner.
*Jennifer L. Reynaud*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON JOINT STIPULATION[1]

On June 29, 2016, Petitioner ("Ms. Milano"), on behalf of her minor child, A.M., filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petitioner

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this Decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

alleges that A.M. suffered idiopathic thrombocytopenia purpura ("ITP") as a result of receiving the diphtheria tetanus acellular pertussis ("DTaP") and inactivated polio virus ("IPV") vaccines on September 23, 2014. *See* Petition, filed June 29, 2016, at 1. Respondent denies that the DTaP or IPV vaccines caused A.M.'s injury. Stipulation at ¶ 6, filed May 24, 2018, ECF No. 46.

Nevertheless, the parties have agreed to settle the case. Stipulation at ¶ 7. On May 24, 2018, the parties filed a stipulation agreeing to settle this case and describing the settlement terms. Respondent agrees to issue the following payments:

   a. **An amount sufficient to purchase the annuity contract described in paragraph 10 of the Stipulation, paid to the life insurance company from which the annuity will be purchased.** *See* Stipulation at ¶¶ 8(a), 10.

   b. **A lump sum of $14,730.71, which amount represents reimbursement of a State of Louisiana Medicaid lien for services rendered on behalf of A.M., in the form of a check payable jointly to Petitioner and the following entity:**

      **Healthy Blue**
      **Claims Recovery Services**
      **75 Remittance Drive, Suite 6019**
      **Chicago, IL 60675-6019**
      **Optum File #: SN11917932**

      **Petitioner agrees to endorse this payment to Healthy Blue Claims Recovery Services.** *See* Stipulation at ¶ 8(b).

These amounts represent compensation for all damages that would be available under § 300aa-15(a).

I adopt the parties' stipulation attached hereto, and award compensation in the amounts and on the terms set forth therein. The Clerk of the Court is directed to enter judgment in accordance with this Decision.[3]

   **IT IS SO ORDERED.**

                                            **s/ Katherine E. Oler**
                                            Katherine E. Oler
                                            Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| OLESYA MILANO, as mother and natural guardian of minor, A.M.,<br><br>Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | No. 16-773V<br>Special Master Oler<br>ECF |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Olesya Milano ("petitioner") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"), on behalf of her minor child, A.M. The petition seeks compensation for A.M.'s injuries allegedly related to receipt of the diphtheria-tetanus-acellular pertussis ("DTaP") and inactivated polio virus ("IPV") vaccines, which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. A.M. received the DTaP and IPV vaccines on September 23, 2014.

3. The vaccines were administered within the United States.

4. Petitioner alleges that A.M. suffered idiopathic thrombocytopenia purpura ("ITP") that was caused-in-fact by her vaccinations. Petitioner further alleges that A.M. experienced the residual effects of her injuries for more than six months.

1

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages as a result of A.M.'s condition.

6. Respondent denies that the DTaP or IPV, alone or in combination, caused A.M.'s alleged injury, any other injury, or her current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

   a. An amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company"). This amount represents compensation for all damages that would be available under 42 U.S.C. §300aa-15(a), except as set forth in paragraph 8.b; and

   b. A lump sum of **$14,730.71**, which amount represents reimbursement of a State of Louisiana Medicaid lien for services rendered on behalf of A.M., in the form of a check payable jointly to petitioner and

   Healthy Blue
   Claims Recovery Services
   75 Remittance Drive, Suite 6019
   Chicago, IL  60675-6019
   Optum File #: SN11917932

Petitioner agrees to endorse this payment to Healthy Blue Claims Recovery Services.

2

9. The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

   a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

   b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

   c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA; and

   d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of A.M., pursuant to which the Life Insurance Company will agree to make three lump sum payments to A.M. for all remaining damages that would be available under 42 U.S.C. §300aa-15(a), as follows:

    a. a guaranteed lump sum of $31,431.05 to be paid on September 4, 2028;

    b. a guaranteed lump sum payment of $17,323.58 to be paid on September 4, 2030; and

    c. a guaranteed lump sum payment of $18,554.53 to be paid on September 4, 2032.

The period certain payments shall be made as set forth; however, should A.M. predecease any date of payment referenced above in this paragraph or be declared incompetent by a court with proper jurisdiction, then any remaining payment shall be made to A.M.'s estate. Written notice to the Secretary of Health and Human Services and the Life Insurance Company shall be provided within twenty (20) days of A.M.'s death.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a

3

judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceedings upon this petition.

13. Petitioner and her attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

14. Payments made pursuant to paragraphs 8 and 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees, litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation, will be used solely for the benefit of A.M., as contemplated by a

4

strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

17. In return for the payments described in paragraphs 8 and 12, petitioner, in her individual capacity, and as legal representative of A.M.., on behalf of herself, A.M., and A.M.'s heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of A.M. resulting from, or alleged to have resulted from vaccinations administered on or about September 23, 2014, as alleged by petitioner in a petition for vaccine compensation filed on or about June 29, 2016, in the United States Court of Federal Claims as petition No. 16-773V.

18. If A.M. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

19. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

20. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 12 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

21. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the DTaP or IPV vaccines, alone or in combination, caused A.M.'s ITP or any other injury or her current condition.

22. All rights and obligations of petitioner in her capacity as legal representative of A.M. shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

Respectfully submitted,

**PETITIONER:**

*/s/ Olesya Milano*
OLESYA MILANO

**ATTORNEY OF RECORD FOR PETITIONER:**

*/s/ Jeffrey S. Pop*
JEFFREY S. POP
9107 Wilshire Blvd., Suite 700
Beverly Hills, CA 90210
(310) 273-5462

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

*/s/ Catharine E. Reeves*
CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

*Ward Sorensen for*
NARAYAN NAIR, MD
Director, Division of Injury
Compensation Programs
Healthcare Systems Bureau
U. S. Department of Health and
Humans Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 20857

**ATTORNEY OF RECORD FOR RESPONDENT:**

*/s/ Jennifer L. Reynaud by Althea Walker Davis*
JENNIFER L. REYNAUD
Trial Attorney
Torts Branch
Civil Division
U. S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 305-1586

Dated: 24 May 2018