# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: January 25, 2019

```
* * * * * * * * * * * * *
OLESYA MILANO, as mother and        *
natural guardian of minor, A.M.,    *
                                    *
        Petitioner,                 *     No. 16-0773V
                                    *     Special Master Oler
v.                                  *
                                    *     Attorneys' Fees and Costs
SECRETARY OF HEALTH                 *
AND HUMAN SERVICES,                 *
                                    *
        Respondent.                 *
* * * * * * * * * * * * *
```

*Jeffrey S. Pop*, Jeffrey S. Pop & Associates, Beverly Hills, CA, for Petitioner.
*Jennifer L. Reynaud*, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On June 29, 2016, Olesya Milano ("petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program on behalf of her minor child, A.M.[2] 42 U.S.C. §§ 300aa-10 to -34 (2012). Petitioner alleges that A.M. suffered idiopathic thrombocytopenia purpura ("ITP") as a result of receiving the diphtheria tetanus acellular pertussis ("DTaP") and inactivated polio virus ("IPV") vaccines on September 23, 2014. *See* Petition, filed June 29, 2016, at 1. Respondent denies that the DTaP or IPV vaccines causes A.M.'s injury. Stipulation at ¶ 6, filed May 24, 2018, ECF No. 46. On August 29, 2018, the parties filed a stipulation for award of compensation, which I adopted as my Decision awarding damages on May

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

29, 2018. ECF No. 47.

On July 31, 2018, Petitioner filed an application for attorneys' fees and costs. ECF No. 51 ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of $28,225.25, representing $24,323.00 in attorneys' fees, $3,902.25 in attorney costs and $8,100.00 in costs associated with expert, Dr. Joseph Lasky. Fees App at 4-5. Pursuant to General Order No. 9, Petitioner has indicated that she has not personally incurred any costs in pursuit of this litigation. *Id.* at 4. Respondent responded to the motion on August 14, 2018, indicating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2-3. ECF No. 53. Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

**I.      Reasonable Attorneys' Fees and Costs**

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate ... by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.' " *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

   a.   **Reasonable Hourly Rates**

Petitioner requests the following rates of compensation for her counsel: for Mr. Jeffrey Pop, $400 per hour for work performed in 2015, $420.00 per hour for work performed from 2016-2018, Ms. Kristina Grigorian, $250.00 per hour for work performed from 2016-2018 and for Mr. Thomas Hahn $145 per hour for work performed from 2016-2018. Fees App. Ex. 2 at 2. Petitioner

also requests that law clerks who worked on the case be compensated at $125.00 per hour for all work performed. *Id.* The requested rates are consistent with what the undersigned and other special masters have previously awarded attorneys at Mr. Pop's firm for their work. *See Black v. Sec'y of Health & Human Servs.*, No. 16-1189V, 2018 WL 5276582 (Fed. Cl. Spec. Mstr. Sept. 10, 2018); *Morrison v. Sec'y of Health & Human Servs.*, No. 16-526V, 2017 WL 6889720 (Fed. Cl. Spec. Mstr. Nov. 28, 2017); *Contreras-Rodriguez v. Sec'y of Health & Human Servs.*, No. 05-626V, 2018 WL 3989507 (Fed. Cl. Spec. Mstr. July 2, 2018). Accordingly, no adjustment is required for the requested rates.

### b. Reasonable Hours Expended

Petitioner requests compensation for 117.2 total hours billed by Mr. Pop and his associates. Fees App. Ex. 2 at 2. Petitioner has submitted adequate billing logs listing the date, amount of time, individual, and the nature of each task. The undersigned has reviewed the billing records and does not find any entries to be objectionable, and Respondent has not objected to any particular entry either. Accordingly, the undersigned finds the hours expended on this matter to be reasonable. Petitioner is therefore entitled to the full amount of attorneys' fees sought, **$24,323.00**.

### c. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $3,902.25 in attorneys' costs. The majority of these costs are for medical records, as well as the retainer fee for the expert work, postage and the Court's filing fee. Petitioner has provided adequate documentation of all these expenses and all are reasonable in the undersigned's experience. Accordingly, the requested costs shall be awarded in full.

Petitioner also requests total of $8,100.00 for the expert work of Dr. Joseph Lasky. Dr. Lasky's invoice indicates that he billed 24 hours of work at $400 per hour. Fees App. Ex. 4 at 2. I find both the rate and hours worked by Dr. Lasky to be reasonable and shall reimburse this amount in full.

## II. Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs is reasonable. Based on the above analysis, the undersigned finds that it is reasonable to compensate petitioner and her counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $24,323.00 |
| (Reduction to Total Hours) | - |
| **Total Attorneys' Fees Awarded** | **$24,323.00** |
| | |
| Attorneys' Costs Requested | $12,002.25 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$12,002.25** |

| | |
|---|---|
| **Total Amount Awarded** | **$36,325.25** |

**Accordingly, the undersigned awards a lump sum in the amount of $36,325.25, representing reimbursement for reasonable attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel of record, Mr. Jeffrey S. Pop.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED.**

s/Katherine E. Oler
Katherine E. Oler
Special Master

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).